UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTIN WALKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:12-mc-00029 |
| | ) Judge Sharp |
| DAVID SEXTON, | ) |
| Defendant. | ) |

## O R D E R

The court has before it a *pro se* "Request for a Rule 60 Review" in which Martin Walker contends that he received ineffective assistance of counsel during his state criminal court proceedings and that a recent United States Supreme Court decision affects his conviction and sentence. (Docket No. 1). Mr. Walker is an inmate at the Northeast Corrections Complex in Mountain City, Tennessee.

Rule 60 of the Federal Rules of Civil Procedure can be an appropriate mechanism for challenging a decision of a federal court that does not lie in *habeas corpus*. However, Mr. Walker's action is in the nature of *habeas corpus* relief as it calls into question the validity of his confinement.

To initiate a civil action for writ of *habeas corpus* in this court, Mr. Walker must either pay the five dollar ($5.00) filing fee or submit an application to proceed *in forma pauperis*. 28 U.S.C. § 1914(a). Mr. Walker has submitted neither the filing fee nor an application to proceed *in forma pauperis* in lieu thereof.

If Mr. Walker wishes to proceed, he must submit either the required filing fee or an application to proceed *in forma pauperis* within thirty (30) days of the entry of this order. For Mr.

Walker's convenience, the Clerk is **DIRECTED** to send Mr. Walker a blank application to proceed *in forma pauperis.*

Mr. Walker is forewarned that, if he does not comply with this order within the time specified, no action will be taken on his motion. Mr. Walker is also advised that, if his motion could be considered a second or successive *habeas corpus* petition, he must move in the appropriate Court of Appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2254(b).

An extension of time to submit the required items may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Id.* at 605; *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED.**

_____
Kevin H. Sharp
United States District Judge